HARDY and Others v. SEXTON and Others.

No. 9508; December 17, 1884.

5 Pac. 162.

**Partition—Evidence.—In an Action for Partition,** where plaintiffs allege title in themselves to the undivided one-half of the premises and in defendants to the other undivided one-half, and defendants deny plaintiffs' title, allege title in themselves to the whole, and plead the statute of limitations, on the trial, after defendants have proved the entry of their grantor under one H., it is competent for the plaintiffs to show that H. acquired his title from B., who had been joint owner with plaintiffs' predecessor in interest, to the end that it might be determined whether the acts of defendants and their grantors had been sufficient to bar the plaintiffs' right of recovery.

APPEAL from the Superior Court of Santa Barbara County.

R. M. Dillard and S. L. Terry for appellants; Janett Richards for respondents.

MYRICK, J.—Partition. Plaintiffs allege title in themselves to the undivided one-half of the premises, and in defendants to the other undivided one-half. Defendants deny plaintiffs' title, allege title in themselves to the whole, and plead the statute of limitations. The plaintiffs, after proving that Box and Summers were the owners of the premises in 1853, and

that Summers executed a deed to Coon, plaintiffs' intestate ancestor, rested. The defendants then proved entry in 1867 by their grantor, under a deed from Huse, and subsequent continuous, open, notorious, exclusive, and adverse possession. Plaintiffs then offered in rebuttal a judgment against Box, and an execution sale and sheriff's deed of Box's interest to Huse, defendants' grantor. This evidence was objected to on the sole ground that it was not evidence in rebuttal, and should have been offered as part of plaintiffs' case in chief. The court sustained the objection. We think the ruling was erroneous. After defendants had proved the entry of their grantor under Huse, it was competent for the plaintiffs to show that Huse acquired his title from Box, who had been a joint owner with plaintiffs' predecessor in interest, Summers, to the end that it might be determined whether the acts of defendants and their grantors had been sufficient to bar the plaintiffs' right of recovery.

It will be observed that we are passing solely upon the admissibility of the evidence as against the objection made. Judgment reversed and cause remanded for a new trial.

We concur: Sharpstein, J.; Thornton, J.